## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.A.,**<br><br>**Petitioners,**<br><br>**v.**<br><br>**TARHEEL ENTERPRISES,**<br><br>**Respondent.** | Civ. No. 16-641 (KM)<br><br>**OPINION** |

__KEVIN MCNULTY, U.S.D.J.:__

Before the Court is the petitioners' unopposed motion to confirm an arbitration award in favor of a labor union. I will confirm the award.

## I.    BACKGROUND

The petitioners in this case, the Laborers' Local Union Nos. 472 and 172 (the "Union"), Laborers' Local Union Nos. 472 and 172 Welfare and Pension Funds, and Safety, Education and Training Funds (the "Fund") is labor union and an employee benefit fund affiliated with a labor union. The Union and Fund allege that the respondent, Tarheel Enterprises ("Tarheel"), entered into a collective bargaining agreement with the Union. Pursuant to that agreement, Tarheel was obligated to make contributions to the Fund on behalf of its unionized employees. According to the Fund, Tarheel was delinquent in making

those contributions during the period from October 1, 2015 through October 31, 2015. (Default Award of Arbitrator ("Arb. Award"), Ex. B, Petition to Confirm Arbitration Award ("Petition"), Dkt. No. 1)

The Fund initiated arbitration proceedings against Tarheel to recover the delinquent funds. A hearings was held on December 30, 2015. The record indicates that Tarheel did not appear before the arbitrator to defend itself at either hearing. (*Id.* at 1)

The arbitrator found that Tarheel was bound by its collective bargaining agreement ("CBA") with the Fund and that it failed to make the benefit contributions required by that agreement during the period from October 1, 2015 through October 31, 2015. (*Id.* at 2) After the December 30, 2015 hearing, the arbitrator awarded the following relief:

- Pay the delinquent contributions in the amount of $146,220.89 plus interest of $1,949.61 (*Id.* at 2)
- Pay attorneys' fees and costs of $29,244.18 (*Id.*)
- Pay an arbitrator's fee of $1,600 (*Id.*)

In sum, the arbitrator ordered Tarheel to pay $179,014.68.

## II.   DISCUSSION

A court may vacate an arbitrator's award "if it does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's own brand of industrial justice." *Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F. 2d 745, 747-48 (3d Cir. 1990) "This exception is a narrow one." *Id.* So long as an arbitration award "draws its essence from the bargaining agreement," or "can in any rational way be derived from the agreement," it must be upheld. *Id.*

I find that under this lenient standard of review, the arbitrator's awards must be upheld in their entirety because they are consistent with the provisions agreed to by the parties in the CBA. (*See* CBA Excerpts, Ex. B., Petition, Dkt. No. 1)

2

Paragraph 42 of the CBA, entitled "Collection Costs," states: "Any Employer delinquent in payment of contributions to or filing of reports with regard to any of the funds established herein shall pay reasonably attorney's fees of no less than 20% of the amount due when legal services are required to collect such indebtedness, together with any cost and interest thereon." (*Id.* at 7) The Collection Costs provision goes on to state that "the Employer shall be required to pay the fee of the arbitrator when arbitration is required." (*Id.*) The arbitrator awarded Petitioners $29,244.18 in attorney's fees, representing 20% of the unpaid contribution balance, which I find to have been in accordance with Paragraph 42. The arbitrator also awarded $1,600 in arbitrator's fees. Although the CBA does not set forth a rate for arbitrator's fees, I find the fee amount awarded to be derived from the CBA and should be upheld.

## III.  CONCLUSION

The arbitrator's award is confirmed. Tarheel shall pay $179,014.68 to the Petitioners.

A separate Order will issue.

KEVIN MCNULTY, U.S.D.J.

Dated:  March 8, 2016

3